UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY DOE NINE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:11-CV-353 (CEJ) ) |
| WENTZVILLE R-IV SCHOOL DISTRICT, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendants Richard Beauchamp and Mrs. Null for partial judgment on the pleadings, pursuant to Rule 12(c), Fed.R.Civ.P.[1] Plaintiff has filed a response in opposition and the issues are fully briefed.

I. **Background**

Plaintiff Mary Doe Nine alleges that former music teacher Michael Williams sexually assaulted her on multiple occasions when she was a fifth grade student at Wentzville East Elementary School.[2] Plaintiff alleges that defendant Mrs. Null, a teacher, entered the music room when Williams was molesting her but did not intervene. Plaintiff further alleges that defendant Richard Beauchamp, the school principal, ignored parental complaints about Williams' sexually inappropriate conduct and provided Williams with unique access to children. Relevant to the present motion,

---

[1]The motion was filed jointly by defendant Beauchamp, Null, and Wentzville R-IV School District. The Court will address the arguments posed by the district by separate order.

[2]In 2002, eight plaintiffs and their guardians asserted similar claims against defendants Williams, his wife Becky Williams, the school district, Beauchamp, and assistant principal Karen Best. Jane and John Doe v. Wentzville R-IV School District, No. 4:02CV520 (HEA). Plaintiffs reached settlements with the school district, Beauchamp, and Best. Following a bench trial, judgment was entered in favor of plaintiffs against Michael Williams in the amount of $1,000,000 and against Becky Williams in the amount of $325,000.

plaintiff asserts against defendants Beauchamp and Null claims for negligent supervision of plaintiff (Count III) and negligent supervision of Williams (Count IV). The defendants argue that the claims are barred by the doctrine of official immunity and the Paul D. Coverdell Teacher Protection Act of 2001, 20 U.S.C. § 6731.

I. **Legal Standard**

When considering a motion for judgment on the pleadings under Rule 12(c), Fed.R.Civ.P., the Court must accept as true all factual allegations set out in the complaint and construe the complaint in the light most favorable to the plaintiff, drawing all inferences in her favor. Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law," the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6). Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009) (citing Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990)). Because this is a diversity case, the Court applies Missouri law in determining whether the elements of the offenses have been pled. Id. (citing Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1062 (8th Cir. 2005)).

II. **Discussion**

Defendants Beauchamp and Null argue that plaintiff's negligence claims are barred by Missouri's doctrine of official immunity. Official immunity is a doctrine that shields public employees from liability for acts of negligence during the course of their official duties in the performance of discretionary acts. McCormack v. Douglas, 328 S.W.3d 446, 449 (Mo. Ct. App. 2010) (citation omitted). "Official immunity is intended to provide protection for individual government actors who, despite limited resources and imperfect information, must exercise judgment in the performance of their duties."

Southers v. City of Farmington, 263 S.W.3d 603, 611 (Mo. 2008) (citation omitted). "Its goal is also to permit public employees to make judgments affecting public safety and welfare without concerns about possible personal liability." Id.

The official immunity doctrine "does not provide public employees immunity for acts committed when acting in a ministerial capacity." Boever v. Special School Dist. of St. Louis County, 296 S.W.3d 487, 492 (Mo. Ct. App. 2009) (quoting Southers, 263 S.W.3d at 610). A ministerial function is one "of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed." Southers, 263 S.W.3d at 610 (citation omitted). The reference to "the mandate of legal authority" is a reference to a duty imposed by statute or regulation. Boever, 296 S.W.3d at 492. "Absent allegations averring the existence of a statutory or departmentally-mandated duty and a breach of that duty, a petition fails 'to state a claim that is not barred by the doctrine of official immunity as a matter of law.'" Id. (quoting State *ex rel.* Twiehaus v. Adolf, 706 S.W.2d 443, 446 (Mo. 1986)).

Plaintiff alleges that the "State of Missouri imposes a duty upon those given custody, control and supervision of a minor to specifically protect the minor from harms, whether foreseeable or unforeseeable." Complaint at ¶37. She further alleges that defendants "owed a duty" to protect her from Williams. Id. at ¶44. These very general, conclusory allegations are insufficient to allege the existence of a mandated duty and, thus, her claims against defendants Beauchamp and Null are barred.

Plaintiff argues that teachers and principals are not "public officials" for the purposes of official immunity, citing Bolon v. Rolla Schools, 917 F.Supp. 1423, 1432 (E.D. Mo. 1996), in support. The court in Bolon denied official immunity to a

superintendent and a principal, relying upon <u>Jackson v. Roberts</u>, 774 S.W.2d 860 (Mo. Ct. App. 1989), which held that teachers and assistant principals are not "public officials," and are therefore not immune from negligence liability under the official immunity doctrine. Subsequent to <u>Jackson</u> and <u>Bolon</u>, however, the Missouri Court of Appeals has applied the official immunity doctrine to bar negligence claims against a teacher and two student aides. <u>Boever</u>, 296 S.W.3d at 291-92. Plaintiff's contention that <u>Boever</u> is wrongly decided is insufficient to overcome its authority. Plaintiff's negligence claims against defendants Beauchamp and Null in Counts III and IV are barred by the doctrine of official immunity and will be dismissed. <u>See also</u> <u>Southers</u>, 263 S.W.3d at 621 (negligent supervision claims against a police officer and police chief barred by official immunity doctrine).

Defendants Beauchamp and Null also assert that they are immune from liability pursuant to the Paul D. Coverdell Teacher Protection Act of 2001, 20 U.S.C. §§ 6731-38. Because the Court has determined that the doctrine of official immunity applies to these defendants, it is unnecessary to decide whether the Coverdell Act also protects them from liability.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for judgment on the pleadings [Doc. #20] is granted with respect to defendants Richard Beauchamp and Mrs. Null.

Dated this 28th day of June, 2011.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE