UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY DOE NINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11-CV-353 (CEJ) |
| | ) |
| WENTZVILLE R-IV SCHOOL DISTRICT | ) |
| and MICHAEL D. WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to file a first amended complaint (1) to reinstate her claims against defendants Richard Beauchamp and Mrs. Null, and (2) to allege that defendant Wentzville has waived sovereign immunity through the purchase of insurance coverage. Plaintiff did not wait for a ruling on her motion for leave before filing an amended complaint. Because the amended complaint reinstates claims that cannot withstand a motion for judgment on the pleadings, the amended complaint will be struck.

I.  **Background**

Plaintiff Mary Doe Nine alleges that defendant Michael Williams sexually assaulted her while she was a student at Wentzville East Elementary School. She alleges that defendant Null, a teacher, entered a class room when she was being molested but did not intervene. She alleges that defendant Beauchamp, the principal, ignored parental complaints regarding Williams' conduct and provided Williams with unique access to children. Plaintiff brought claims of negligent supervision against defendants Null and Beauchamp. On June 28, 2011, the Court granted their motion

for judgment on pleadings, finding that plaintiff's negligence claims were barred by the doctrine of official immunity.

## II. Discussion

### A. Claims against Defendants Null and Beauchamp

Official immunity is a doctrine that shields public employees from liability for acts of negligence during the course of their official duties in the performance of discretionary acts. McCormack v. Douglas, 328 S.W.3d 446, 449 (Mo. Ct. App. 2010) (citation omitted). "Official immunity is intended to provide protection for individual government actors who, despite limited resources and imperfect information, must exercise judgment in the performance of their duties." Southers v. City of Farmington, 263 S.W.3d 603, 611 (Mo. 2008) (citation omitted).

The doctrine "does not provide public employees immunity for acts committed when acting in a ministerial capacity." Boever v. Special Sch. Dist. of St. Louis County, 296 S.W.3d 487, 492 (Mo. Ct. App. 2009) (quotation and citation omitted). A ministerial function is one "of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed." Southers, 263 S.W.3d at 610. The reference to "the mandate of legal authority" is a reference to a duty imposed by statute or regulation. Boever, 296 S.W.3d at 492. "Absent allegations averring the existence of a statutory or departmentally-mandated duty and a breach of that duty, a petition fails 'to state a claim that is not barred by the doctrine of official immunity as a matter of law.'" Id. (quoting State *ex rel.* Twiehaus v. Adolf, 706 S.W.2d 443, 446

(Mo. 1986)). The Court found that plaintiff had failed to allege the existence of a mandated duty and thus her claims against Null and Beauchamp were barred.

Plaintiff seeks leave to amend her complaint to allege that "the State of Missouri imposes a mandatory duty on teachers [and] principals . . . to report . . . every instance in which they observe a child being subject to circumstances which would reasonably result in abuse to the child." ¶ 39 (citing Mo.Rev.Stat. § 210.115.1). She further alleges that defendants Null and Beauchamp violated that duty. Plaintiff's reliance on § 210.115 to establish the existence of a ministerial duty is misplaced. See Jane Doe A v. Special Sch. Dist. of St. Louis County, 637 F. Supp. 1138, 1148 (E.D. Mo. 1986) (holding child abuse reporting statute does not create ministerial duty). Plaintiff's request to reinstate the claims against defendants Null and Beauchamp will be denied and her first amended complaint will be stricken.

### B. Claims against defendant Wentzville R-IV School District

The school district has moved for judgment on the pleadings, arguing that plaintiff's negligence claims are barred under Missouri's sovereign immunity statute, § 537.600, Mo.Rev.Stat. In Missouri, a public entity is afforded sovereign immunity from tort actions. Folsom v. Morgan County, Mo., 2011 WL 2417009, at *9 (W.D. Mo. June 13, 2011). That immunity may be waived by the purchase of liability insurance. § 537.610.1. Under Missouri law, the plaintiff bears the burden of proving the existence of an insurance policy, and that the terms of the policy cover the plaintiff's claims. Topps v. City of Country Club Hills, 272 S.W.3d 409, 415 (Mo. Ct. App. 2008). Because the liability of a public entity for torts is the exception to the general rule of sovereign immunity, a plaintiff must specifically plead facts demonstrating that the claim is within an exception to sovereign immunity. Epps v. City of Pine Lawn, 353

F.3d 588 (8th Cir. 2003). Plaintiff's seeks leave to amend her complaint to allege that Wentzville purchased insurance coverage for the claims plaintiff asserts and thus has waived sovereign immunity. Plaintiff will be granted leave to amend her complaint to add this allegation.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a first amended complaint [Doc. #34] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's amended complaint [Doc. #36] is **stricken**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **August 31, 2011** to file a second amended complaint to include the allegation of by defendant Wentzville R-IV School District's waiver of sovereign immunity by the purchase of insurance.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August, 2011.