UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY DOE NINE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:11-CV-353 (CEJ) |
| WENTZVILLE R-IV SCHOOL DISTRICT and MICHAEL D. WILLIAMS, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to file a third amended complaint. Defendant Wentzville R-IV School District (Wentzville) has filed a response in opposition to the motion and the issues are fully briefed. Plaintiff wishes to amend her allegations regarding the year in which the actions giving rise to her suit occurred.

Plaintiff Mary Doe Nine filed suit on February 24, 2011, alleging that she was sexually assaulted by defendant Michael Williams, who was then a teacher in the Wentzville school district. According to allegations in plaintiff's complaint, the assaults occurred on multiple occasions in 1993 when she was a fifth grade student at Wentzville Elementary East. In a motion filed on January 24, 2012, plaintiff seeks leave to file a third amended complaint to allege that the assaults occurred in the 1990-1991 school year when she was in the third grade. The case management order in this case established September 1, 2011, as the deadline for amending pleadings.

**Discussion**

Plaintiff seeks leave to amend pursuant to Rule 15(a), Fed.R.Civ.P., Rule 15(a) which provides that where an amendment is not available "as a matter of course" -- as defined by the Rule -- "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). "The court should freely

give leave when justice so requires." Id. However, it is well-established in the Eighth Circuit that, where a party seeks leave to amend a pleading outside the deadline established by the court's scheduling order, the party must satisfy the good-cause standard of Rule 16(b)(4), rather than the more liberal standard of Rule 15(a). Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Id. at 716-17 (quoting Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. Id. at 717 (citing Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001)).

Plaintiff cannot establish that she has been diligent and thus cannot meet the good-cause standard. She has been on notice since shortly after she filed suit that there was a dispute regarding the dates when the alleged assaults occurred. On May 4, 2011, defendant Williams moved for partial summary judgment, submitting evidence that fifth grade students did not begin attending Wentzville Elementary East until 1995, two years after plaintiff alleged that she was a student there.[1] On September 14, 2011, in its answer to the second amended complaint, defendant Wentzville denied that plaintiff was a fifth grade student at Wentzville Elementary East and denied that plaintiff was a student in defendant Williams' class in 1993. On October 18, 2011, defendant Wentzville, in response to requests for production, stated that plaintiff was not enrolled at Wentzville Elementary East at the time alleged in her complaint. [Doc. #80-1]. This response was served on plaintiff. Finally, on November 22, 2011, defendant Wentzville produced plaintiff's school file starting in 1992. This record shows that plaintiff did not

---

[1] Plaintiff asserted that she would be unable to respond to the motion until she had received discovery from the school department.

attend fifth grade in 1993 at Wentzville Elementary East.  Thus, by November 22, 2011, plaintiff had possession of documentary proof of what defendant Williams first asserted in May 2011----that  he could not have been plaintiff's fifth grade teacher at Wentzville Elementary East in 1993.  Although she had the school records, it took plaintiff more than two months to seek leave to amend her allegations.   Under these circumstance, the Court concludes that plaintiff cannot establish good cause for leave to file an untimely amended complaint.  And, although prejudice  to the nonmoving party is a secondary issue, the Court believes that the defendants would be prejudiced by allowing the amendment that plaintiff requests. The parties have engaged in extensive discovery and motion practice regarding whether defendant Wentzville has waived sovereign immunity by acquiring liability insurance and Wentzville is awaiting a ruling on its second motion for judgment on the pleadings based on the insurance policy in effect in 1993, not in 1991.  Also, defendant Williams has filed his second motion for partial summary judgment based on his long-standing  contention that he could not have committed the alleged assaults in 1993.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a third amended complaint [Doc. #81] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's third amended complaint [Doc. #83] is **stricken** from the record.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of February, 2012.