UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY DOE NINE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:11-CV-353 (CEJ) |
| WENTZVILLE R-IV SCHOOL DISTRICT and MICHAEL D. WILLIAMS, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of the Wentzville R-IV School District for partial judgment on the pleadings or, in the alternative, for partial summary judgment. Plaintiff has filed a response in opposition to the motion and the issues are fully briefed.

Plaintiff Mary Doe Nine alleges that former music teacher Michael Williams sexually assaulted her on multiple occasions in 1993 when she was a fifth-grade student in the Wentzville school district.[1] Defendant Wentzville seeks judgment on the pleadings or summary judgment, arguing that plaintiff cannot state a claim under 42 U.S.C. § 1983 because she has failed to plead that a district policy or custom caused her injuries and because her tort claims are barred by the doctrine of sovereign immunity.

I. **Legal Standards**

---

[1] After the deadline for amending pleadings expired, plaintiff sought leave to file a third amended complaint to allege that the sexual assaults occurred during the 1990-91 school year when she was in third grade. The Court denied leave to amend. Defendant's motion is directed to the allegations in the second amended complaint.

When considering a motion for judgment on the pleadings under Rule 12(c), Fed.R.Civ.P., the Court must accept as true all factual allegations set out in the complaint and construe the complaint in the light most favorable to the plaintiff, drawing all inferences in her favor. Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law," the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6). Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009) (citing Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990)). When considering a motion for judgment on the pleadings, "the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (internal citations omitted). Should a court consider matters outside the pleadings, a motion for judgment on the pleadings "must be treated as one for summary judgment." Rule 12(d).

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to

judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

## II. Discussion

### A. Plaintiff's Section 1983 Claim

Plaintiff makes the following allegations in her second amended complaint:

14. When Defendant Williams became a teacher at Wentzville East Elementary School, he quickly rose to extreme popularity, which caused the administrative staff to give extraordinary deference to his practices. No teachers would enter his room, although students would experience visitors (other teachers or observers) entering every other teachers' classroom.

15. During the entirety of Defendant Williams' tenure as a teacher at Wentzville East Elementary School (1990-2001), Richard Beauchamp, as principal, provided Defendant Williams unique access to students and ignored specific parental complaints during the years that would follow about sexually inappropriate conduct by Defendant Williams.

16. During Plaintiff's attendance at Wentzville East Elementary School, there was no inspection of Defendant Williams' classroom and no supervision over Plaintiff herself when she should have been with her other classmates during lunchtime.

* * *

29. Defendant Wentzville R-IV School District, through its agents and employees acting under color of law, did intentionally violate Plaintiff's

constitutional rights by failing to supervise Defendant Michael D. Williams in the same manner and custom that every other teacher was subject to.

30. As a direct and proximate result of Defendant Wentzville R-IV School District's acts and omissions, Plaintiff has suffered severe mental and emotional distress, embarrassment, humiliation and outrage, requiring extended future psychological care, treatment and expenses.

For Wentzville to be liable under § 1983, plaintiff must prove that the district had an official policy or widespread custom that violated the law and caused her injury. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Board of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397 (1997); Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998). The requirement of an official policy ensures that a school district is liable only for those acts which "may fairly be said to be those of the [district]." Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1181 (8th Cir. 1998) (internal quotation and citation omitted, alteration in original). An alleged illegal custom must be widespread and may only subject a school district to liability if it is pervasive enough to have the "force of law." Id. at 1181-82.

Plaintiff's allegations are that "administrative staff" and principal Beauchamp failed to properly supervise Williams and that he took advantage of the lack of oversight. Plaintiff has not alleged that a policy or custom of the district caused her harm; nor has she alleged that the district delegated policy-making authority to Beauchamp such that he had the authority necessary to hold the district responsible for his decisions. See Mauzy v. Mexico Sch. Dist. No. 59, 878 F. Supp. 153, 155 (E.D. Mo. 1999) (a single decision can reflect official policy so long as decisionmaker had delegated authority). Defendant Wentzville is entitled to judgment on the pleadings on plaintiff's § 1983 claim.

### B. Plaintiff's Tort Claims

Plaintiff asserts claims of negligent supervision against the district. In Missouri, a public entity such as the district is afforded sovereign immunity from tort actions. Folsom v. Morgan County, Mo., 2011 WL 2417009, at *9 (W.D. Mo. June 13, 2011). If the public entity maintains insurance that covers plaintiff's claims, then it will have waived its immunity under § 537.610, Mo.Rev.Stat., for the specific purpose of and to the extent of its insurance coverage. Kunzie v. City of Olivette, 184 S.W.3d 570, 574 (Mo. 2006).

Plaintiff alleges in her second amended complaint that the district "had purchased insurance coverage for the claims of Plaintiff brought herein, and has therefore waived sovereign immunity." Defendant Wentzville argues that this allegation alone is not sufficient to plead waiver of sovereign immunity. This case is the ninth lawsuit arising from defendant Williams' sexual assault of students in the Wentzville school district. Given this history, plaintiff's allegation is sufficient to place the district on notice of the basis of her claim and is sufficient to evaluate her assertion that sovereign immunity is waived. Under the limited circumstances of this case, the Court finds that the allegation is sufficient.

Defendant next argues that the insurance policy in effect at the time of the incidents did not provide coverage for plaintiff's claims and thus did not result in a waiver of sovereign immunity. The policy was issued by the Missouri United School Insurance Council (MUSIC) and included comprehensive general liability coverage and errors and omissions liability.

The liability policy provided coverage up to a limit of $1,000,000. The provision on "Coverage" stated:

MUSIC will pay on behalf of the Member the Ultimate Net Loss which the Member shall sustain by reason of liability imposed upon them by law . . . Coverage is for damages due to Personal Injury . . . caused by or arising out of an occurrence . . .

Occurrence is defined as:

An accident, including continuous or repeated exposure to conditions, which results in Personal Injury . . . and is neither expected or intended from the standpoint of the Member. . .

Personal Injury is defined in relevant part as:

Assault and battery by an employee or agent of the Member, provided that they are held legally liable for their action and that the assault and battery was not committed by or at the direction of the School District . . .

MUSIC also agreed to cover certain losses up to a limit of $500,000, including:

SEXUAL MISCONDUCT: Sexual or physical abuse or molestation of any person by any employee or volunteer of member. . . MUSIC will investigate for and defend both the accused person and the Member's interest in such a claim until such time as MUSIC . . . makes a determination that the accused person is guilty of a criminal offense. At that time, MUSIC's investigation and defense on behalf of that person will cease, but will continue for any interests of the School District . . .

Coverage under the Errors and Omissions policy is provided for:

[A]ll Loss for which the Member . . . shall be legally obligated to pay as a result of any civil claim or claims made against them because of a Wrongful Act . . .

Wrongful Act shall mean any actual or alleged error or misstatement or misleading statement, or act or omission or neglect or breach of duty including misfeasance, malfeasance and nonfeasance by a covered person in the performance of their duties for the School District.

Coverage for bodily injury is specifically excluded from the Errors and Omissions coverage.

Defendant relies on the definition of "occurrence" as an "accident" to argue that the policy does not cover intentional sexual misconduct. This argument is refuted by the specific provision extending coverage for sexual misconduct by any employee. Defendant's motion does not address the impact of the provisions regarding sexual

misconduct or for wrongful acts and defendant has failed to establish that the policy does not provide coverage for plaintiff's claims. Defendant's motion for summary judgment on the basis of sovereign immunity will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Wentzville R-IV School District for partial judgment on the pleadings or, in the alternative, for partial summary judgment [Doc. # 63] is **granted** with respect to plaintiff's claim pursuant to 42 U.S.C. § 1983 (Count II). At the conclusion of this case, judgment will be entered in favor of the defendant and against the plaintiff on this claim.

**IT IS FURTHER ORDERED** that the defendant's motion for partial judgment on the pleadings or, in the alternative, for partial summary judgment [Doc. #63] is **denied** with respect to plaintiff's claims of negligent supervision (Counts III and IV).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of April, 2012.