UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY DOE NINE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:11-CV-353 (CEJ) |
| WENTZVILLE R-IV SCHOOL DISTRICT and MICHAEL D. WILLIAMS, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Wentzville R-IV School District for summary judgment. Plaintiff has filed a response in opposition to the motion and the issues are fully briefed. The motion of defendant Michael Williams for summary judgment will be separately addressed.

Plaintiff Mary Doe Nine alleges that former music teacher Michael Williams sexually assaulted her on multiple occasions while she was a student in the Wentzville R-IV school district.[1] In this action filed on February 24, 2011, she asserts claims pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 *et seq.*, 42 U.S.C. § 1983, and negligent supervision. The Court previously granted the school district's motion for judgment on the pleadings on plaintiff's § 1983 claim and plaintiff voluntarily dismissed her Title IX claim. In her remaining claims against the school district, plaintiff asserts that the school district negligently supervised her (Count III) and negligently supervised Williams (Count IV).

---

[1]In 2002, eight other Wentzville students filed suit against the school district and Williams for damages arising from his molestation of them. John and Jane Doe One et al. v. Wentzville R-IV Dist. et al., 4:02-CV-520 (HEA). Defendant Williams is presently serving a term of imprisonment pursuant to entering guilty pleas to eighteen counts of statutory sodomy and rape.

I. **Background**

In her original complaint, plaintiff alleged that the abuse occurred in 1993 when she was a fifth-grade student at Wentzville East Elementary School. Plaintiff filed amended complaints on July 27, 2011, and August 31, 2011, but did not alter her allegations with respect to when the alleged abuse occurred. On January 24, 2012, plaintiff sought leave to file a third amended complaint in order to allege that the assaults occurred in the 1990-1991 school year when she was in the third grade. The deadline for amending pleadings was September 1, 2011, and plaintiff was required to satisfy the "good cause" standard of Rule 16(b)(4) by showing that she had been diligent in attempting to meet that deadline. See Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008). The Court found that plaintiff failed to establish diligence and denied leave to amend the complaint. The parties dispute whether plaintiff is bound by the allegations in her second amended complaint regarding when the alleged abuse occurred. The Court concludes that it need not decide this issue because defendant is entitled to summary judgment regardless of the year in which the abuse occurred.

The facts relevant to plaintiff's negligent supervision claims are as follows:[2] defendant Michael Williams was a music teacher in the Wentzville school district. Plaintiff testified that on the very first occasion that she was molested, defendant Williams took her into the music room during the lunch period. She was seated next to Williams at a piano bench; he sat between her and the classroom door. According

---

[2]The Court assumes for the purposes of this motion only that plaintiff's allegations are true. Defendant Williams denies that he assaulted plaintiff, and the Court makes no factual findings in this memorandum with respect to the plaintiff's claims against him.

to plaintiff, Mrs. Null – a school counselor – opened the door, stuck her head in, said something to Mr. Williams, and shut the door. Approximately six seconds elapsed from the time the classroom door opened until it closed again. Pl. Dep. at 65-66, 101 [Doc. #97-2]. Plaintiff testified that Williams had his hand in her pants at that moment but was unable to say that Mrs. Null could have seen his hands. Plaintiff testified that Mrs. Null looked directly at her face. Plaintiff could not say that she was crying but she was very scared and believes that her fright must have been obvious. She further testified, "I can't testify that a person saw something. But . . . I would just assume that she had an idea by seeing me sitting there that something was going on." Pl. Dep. at 100 [Doc. #97-2]. Plaintiff had not previously had any interaction with Mrs. Null.

## II. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. United of Omaha Life

Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

### III. Discussion

To establish a *prima facie* case of negligent supervision, plaintiff must prove: (1) a legal duty on the part of the defendant to use ordinary care to protect her against unreasonable risks of harm; (2) breach of that duty; (3) proximate cause between the breach and the resulting injury; and (4) actual damages to her person or property. O.L. v. R.L., 62 S.W.3d 469, 474 (Mo. Ct. App. 2001) (citations omitted). The "duty to supervise runs not to an activity, but rather to an individual." Id. (quoting Bequette v. Buff, 862 S.W.2d 921, 924 (Mo. Ct. App. 1993)).

The duty of defendant was to exercise reasonable or "ordinary care" in the supervision of plaintiff. Swain by Swain v. Simon, 699 S.W.2d 769, 773 (Mo. Ct. App. 1985). Ordinary care may require more vigilance and caution when a child is involved if there is a potentially dangerous situation of which a supervisor is or should be aware. Rogger v. Voyles, 797 S.W.2d 844, 846 (Mo. Ct. App. 1990). A party breaches the duty of ordinary care "when a reasonable person could have foreseen that injuries of the type that occurred could or might occur and that steps should be taken to prevent the harm." O.L., 62 S.W.3d at 476. Foreseeability does not involve a probability analysis: "[F]oreseeability is not to be measured by what is more probable than not, but includes whatever is likely enough in the setting of modern life that a reasonably

thoughtful person would take account of it in guiding practical conduct." Id. at 476-77 (quoting 3 Harper, James and Gray, The Law of Torts, § 18.2 at 657–59 (2d ed. 1986)). "The reasonable anticipation of danger is an essential element of actionable negligence; and whether negligence exists in a particular situation depends upon whether or not a reasonably prudent person would have anticipated danger and provided against it." Scheibel v. Hillis, 531 S.W.2d 285, 288 (Mo. 1976) (*en banc*). When deciding if an injury was reasonably foreseeable, a court examines what the actor knew or should have known. G.E.T. *ex rel.* T.T. v. Barron, 4 S.W.3d 622, 624-25 (Mo. Ct. App. 1999). When examining what the actor should have known, the court asks what he or she would have learned in the exercise of ordinary care. Id.

There is no dispute that at the time of the events in question, Williams had not yet been exposed as a child molester. Defendant argues that plaintiff thus cannot establish that it breached its duty of care to her because it had no reason to believe that Williams represented a threat to students. "[B]reach of duty and foreseeability of danger from negligent supervision is generally a jury question." O.L., 62 S.W.3d at 477. Nonetheless, defendant may be entitled to summary judgment if the facts, viewed in the light most favorable to plaintiff, "negate the element of breach of duty." Id. To defeat the summary judgment motion, plaintiff must show "that there are sufficient facts from which a jury could reasonably conclude that [the district] could have foreseen the risk of injury to [her] and taken precautionary steps." Id. at 478.

Plaintiff's claims depend upon her assertion that what Mrs. Null observed was sufficient to put her, and therefore the district, on notice that Williams represented a danger to her. More specifically, she argues that Mrs. Null should have known that there was no legitimate reason for her to be alone in a room with Williams during the

lunch hour.  She additionally asserts that Mrs. Null should have been able to see from the look on her face that plaintiff was frightened.  Plaintiff contends that Mrs. Null's observation creates a triable issue with respect to whether the school district breached its duty to care for her.

Plaintiff relies on G.E.T. *ex rel.* T.T. v. Barron, 4 S.W.3d 622 (Mo. Ct. App. 1999), to support her assertion.  In G.E.T., the plaintiff brought negligent supervision claims against his child-care provider after he was molested in her home by her teenaged son.  Defendant argued that she had no reason to know that her son posed an unreasonable risk of harm to the children in her care such that it could be genuinely disputed that the injuries to plaintiff were reasonably foreseeable.  Id. at 625.  The record included evidence that the defendant was frequently absent from the premises and left the children in her son's care.  The court of appeals found that there were disputes of material fact with regard to whether the defendant's absence itself amounted to a breach of ordinary care and whether she would have learned that her son was molesting the plaintiff if she had not absented herself.  Id.  There was also evidence that some of the molestation occurred while the defendant was in the room.  This evidence created a dispute of fact as to whether defendant's failure to notice the molestation under these circumstances amounted to a breach of her duty to exercise ordinary care and whether she would have noticed such activity but for such breach.  Id. at 625-26.

The evidence in this case is that plaintiff was allowed to remain alone with a teacher during her lunch hour.  Unlike the facts in G.E.T., plaintiff was not left in the control of an underage caretaker, but with an adult employee of the district whose job duties included instruction and supervision of pupils.  There is no evidence that the

district had a policy that prohibited one-on-one contact between teachers and pupils and thus no basis for concluding that the mere fact that plaintiff was alone with Williams amounted to a breach of ordinary care. Plaintiff asserts that "there were no piano lessons for students during the lunch hour." See Pl. Statement of Facts ¶ 36.[3] Assuming the truth of plaintiff's statement, there are too many inferential leaps required in order to conclude, as plaintiff does, that Mrs. Null should have known something was wrong when she saw plaintiff seated next to Williams at the piano. Plaintiff testified that Mrs. Null saw her face, but acknowledges that she was not crying. Although plaintiff was extremely upset, it is a matter of conjecture to assert that her internal state was reflected on her face and, further, that someone seeing her face would have known that she was in danger.

The case of O.L., on which defendant relies, is more analogous to the facts here. The plaintiff in O.L. brought negligent supervision claims against her grandmother after her grandfather molested her. Plaintiff argued that the grandmother was aware of facts that would have caused a reasonable person concern about leaving plaintiff in the grandfather's care. The record included evidence that the grandfather broke the grandmother's nose twenty years before the abuse, and had a one-year subscription to "Playboy" magazine fifteen years before the abuse. Within a year or two of the abuse, the grandfather engaged in conduct that plaintiff characterized as "strange" for an older man in a long-term marriage – he placed advertisements seeking homosexual liaisons and once received an extortion letter from another man. He also engaged in a drunken urination contest with another adult male. 62 S.W.3d 479-80. The court

---

[3]Although plaintiff cites to her deposition as support for this statement, no such testimony appears on the pages to which she refers.

of appeals described the evidence as "so tenuous that it cannot give rise to a genuine dispute as to whether a reasonable person knew or should have known that grandfather might pose a danger to O.L. if she was left unsupervised in his care." Id. at 481.

In this case, there is no evidence that anyone in the district had reason to know that Williams posed a danger to plaintiff. Mrs. Null's fleeting observation of plaintiff alone with Williams while seated at a piano is too insubstantial to have alerted her that plaintiff was in danger. Plaintiff has failed to show that the district breached its duty to exercise ordinary care for her and thus she cannot establish an element of her negligent supervision claims. The school district is entitled to summary judgment on Counts III and IV of plaintiff's second amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Wentzville R-IV School District for summary judgment [Doc. # 96] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of June, 2012.