# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARY DOE NINE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:11-CV-353 (CEJ) |
| MICHAEL D. WILLIAMS, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to file a third amended complaint. Defendant Michael D. Williams has filed a response in opposition to the motion. Also pending is Williams's motion for summary judgment and plaintiff's motion to strike his summary judgment motion. The issue before the Court is whether plaintiff should be granted leave to correct her allegations regarding the school year during which defendant Williams allegedly assaulted her.

### I. Background

Plaintiff Mary Doe Nine alleges that former music teacher Michael Williams sexually assaulted her on multiple occasions when she was an elementary school student in the Wentzvile R-IV school district.[1] She asserts claims pursuant to 42 U.S.C. § 1983, negligent infliction of emotional distress, battery, and statutory childhood sex abuse, pursuant to § 537.046, Mo.Rev.Stat.

In her original complaint, filed on February 24, 2011, plaintiff alleged that the abuse occurred in 1993 when she was a fifth-grade student at Wentzville East

---

[1] Defendant Williams is presently serving a term of imprisonment pursuant to guilty pleas to eighteen counts of statutory sodomy and rape.

Elementary School.² Plaintiff filed amended complaints on July 27, 2011, and August 31, 2011, but did not alter allegations regarding when the alleged abuse occurred. On January 24, 2012, plaintiff sought leave to file a third amended complaint in order to allege that the assaults occurred in the 1990-1991 school year when she was in third grade. Because the deadline for amending pleadings elapsed on September 1, 2011, plaintiff was required to satisfy the "good cause" standard of Rule 16(b)(4) by showing that she had been diligent in attempting to meet that deadline.³ See Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008). Plaintiff did not address the good cause standard and the Court found that she failed to establish diligence. The Court also noted that defendant Wentzville had argued that it was entitled to sovereign immunity based upon the terms of the liability insurance in place in 1993; the proposed amendment would require Wentzville to repeat the analysis under a different insurance policy. Based on these considerations, the Court denied plaintiff leave to amend her complaint. [Doc. #85].

Wentzville then filed a motion for summary judgment, arguing in part that the discrepancy between plaintiff's allegations and her deposition testimony regarding when the alleged assaults occurred precluded her claims. In her opposition to summary judgment, plaintiff reasserted her argument that she should be allowed to amend her allegations to conform to the evidence, asserting that defendant Wentzville contributed to her delay in discovering the proper dates by failing to timely produce

---

²Plaintiff also named as defendants principal Richard Beauchamp, teacher Mrs. Null, and the Wentzville R-IV school district. The Court granted defendants Beauchamp and Null's motion for judgment on the pleadings [Doc. #27], and defendant Wentzville's motions for summary judgment [Docs. #99 and #117]. Williams is the sole remaining defendant.

³Plaintiff sought leave to amend pursuant to Rule 15 and did not discuss Rule 16.

school records. The Court did not reconsider this issue because the date of the alleged assaults was immaterial to defendant Wentsville's summary judgment motion.

Defendant Williams has filed a motion for summary judgment, asserting, as did Wentzville, that plaintiff's mistaken allegations are fatal to her claims. Plaintiff again seeks leave to amend her complaint to conform her allegations to her corrected recollection that the assaults occurred at an earlier time than what she pleaded in her initial complaint. She does not seek to add new claims or allegations.

II. Discussion

In deciding whether to grant plaintiff leave to amend her complaint, the Court has considered Rule 15(a)(2) and Rule 16.

Rule 15(a)(2) provides that the courts "should freely give leave [to amend pleadings] when justice so requires." Under this liberal amendment policy, denial of leave to amend pleadings is appropriate "only in those limited circumstances in which undue delay, bad faith on the part of the moving partly, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987)). Delay alone is not a reason in and of itself to deny leave to amend; the delay must have resulted in unfair prejudice to the party opposing amendment. Sanders, 823 F.2d at 217. "The burden of proof of prejudice is on the party opposing the amendment." Id.

However, where, as here, a party seeks leave to amend a pleading outside the deadline established by the court's scheduling order, the party must satisfy the good-cause standard of Rule 16(b)(4) rather than the more liberal standard of Rule 15(a). Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008). "The primary

measure of good cause is the movant's diligence in attempting to meet the order's requirements." Id. (citing Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Id. (citing Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001)).

Plaintiff again does not cite Rule 16 in her renewed motion to amend her complaint and has not argued that she satisfies the good-cause standard. However, in her response in opposition to defendant Wentzville's summary judgment motion (filed after the Court denied her last motion for leave to amend), plaintiff set forth the following facts relevant to her late discovery of dates relevant to her claims: the deadline for amending pleadings as set forth in the Case Management Order was September 1, 2011; the school district provided its Rule 26(a)(1) initial disclosures on November 22, 2011; the school district produced the employment file for defendant Williams on December 14, 2011; and plaintiff filed her motion to amend on January 24, 2012. The Court finds that plaintiff's failure to meet the deadline established by the Case Management Order was not due to a lack of diligence on her part. The Court also finds that defendant Williams is not unduly prejudiced by an amendment that merely corrects the year in which the alleged assaults occur. See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981) (no undue prejudice in allowing plaintiffs to amend complaint where facts are substantially similar). Unlike the school district, defendant Williams does not have a defense that depends upon the terms of a liability insurance policy for a particular year. The Court recognizes that defendant Williams has consistently asserted in summary judgment motions that he

could not have been plaintiff's teacher during the 1993 school year. However, the prejudice to him must be balanced against the hardship to plaintiff if leave to amend is denied. Id. Here, there would be significant hardship to plaintiff because denying her leave to amend would foreclose her claims altogether on the basis of a mistake in fact that has no impact on the substance of her allegation that defendant sexually assaulted her when she was a child. Id. at 694-95.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's renewed motion for leave to file a third amended complaint [Doc. #124] is **granted**.

**IT IS FURTHER ORDERED** that defendant's motions for partial summary judgment [Doc. #80] and for summary judgment [Doc. #121] are **denied as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike defendant's motion for summary judgment [Doc. #122] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of September, 2012.