UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY DOE NINE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 4:11-CV-353 (CEJ) |
| MICHAEL D. WILLIAMS, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion for summary judgment based on his assertion that plaintiff's claims are time-barred. In response, plaintiff moves to strike the motion for failing to comply with the requirements of Local Rule 4.01. She argues in the alternative that material factual disputes preclude summary judgment.

I.  **Background**

In this action, filed on February 24, 2011, plaintiff Mary Doe Nine alleges that former music teacher defendant Michael Williams sexually assaulted her during the 1990-91 school year, when she was an elementary school student in the Wentzville R-IV school district.[1] She brings claims pursuant to 42 U.S.C. § 1983, negligent infliction of emotional distress, battery, and statutory childhood sexual abuse, pursuant to § 537.046, Mo.Rev.Stat. Plaintiff, who was born in 1982, has alleged that she repressed her memories of the assaults until 2009. Judith Tindall, Ph.D., completed a

---

[1]Plaintiff also named as defendants principal Richard Beauchamp, teacher Mrs. Null, and the Wentzville R-IV school district. The Court granted the motion for judgment on the pleadings of defendants Beauchamp and Null, and granted defendant Wentzville's motions for summary judgment. Williams is the sole remaining defendant.

psychological evaluation of plaintiff in February and March 2011, and testified at deposition that plaintiff did not recall the sexual abuse until 2009.

II.     **Legal Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987).  The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists.  United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

III.    **Discussion**

This court applies Missouri law governing statutes of limitation to plaintiff's state-law claims.  Walker v. Barrett, 650 F.3d 1198, 1203 (8th Cir. 2011).  Under Missouri law, the statute of limitations is an affirmative defense that must be proved by the party

asserting it. Powel v. Chaminade College Preparatory, Inc., 197 S.W.3d 576 (Mo. 2006) (*en banc*). Where relevant facts are uncontested, the statute of limitations issue can be decided by the court as a matter of law. Id. "However, when contradictory or different conclusions may be drawn from the evidence as to whether the statute of limitations has run, it is a question of fact for the jury to decide." Lomax v. Sewell, 1 S.W.3d 548, 552–53 (Mo. Ct. App. 1999).

The limitations period applicable to plaintiff's claim of statutory childhood sexual abuse is set forth in Mo.Rev.Stat. § 537.046, which provides:

> Any action to recover damages from injury or illness caused by childhood sexual abuse in an action brought pursuant to this section shall be commenced within ten years of the plaintiff attaining the age of twenty-one or within three years of the date the plaintiff discovers, or reasonably should have discovered, that the injury or illness was caused by childhood sexual abuse, *whichever later occurs*.

§ 537.046.2 (emphasis added).

The previous version of § 537.046.2, enacted in 1990, reads the same, except that it required a plaintiff to bring the action no later than five years after the plaintiff's 18th birthday or three years after discovery of the injury, whichever was later. Walker, 650 F.3d at 1206. A claim that was time-barred under the prior version was not revived when the statute was amended. Doe v. Roman Catholic Diocese of Jefferson City, 862 S.W.2d 338, 341 (Mo. 1993) (*en banc*) (once original statute of limitation expires, defendant acquires a vested right to be free from suit). Under the prior version, plaintiff's claim would have expired in 2005, five years after her 18th birthday. Because the statute was amended in 2004, before the expiration of her claim, she is entitled to the benefit of the more generous time periods of the current statute. See Powel, 197 S.W.3d at 585 n.4 (special sexual abuse statute applies to claims for which limitations period had not yet expired when statute passed); Straub v. Tull, 128 S.W.3d 157, 162-

63 (Mo. Ct. App. 2004) (new statute of limitations took effect before expiration of claims and statutory period was extended). Thus, plaintiff had until she turned 31 in 2013 to bring this claim. Because she filed suit in 2011, the childhood sexual abuse claim is not time-barred.

Plaintiff's other claims are subject to shorter limitations periods. The statute of limitations for claims brought under 42 U.S.C. § 1983 is five years. See Walker v. Barrett, 650 F.3d 1198, 1205 (8th Cir. 2011) (§ 1983 borrows state's personal injury statute of limitations; Mo.Rev.Stat. § 516.120(4) imposes five-year statute of limitations for personal injury). The two-year statute of limitations contained in § 516.140 applies to plaintiff's claims of battery, Drury v. Missouri Youth Soccer, 259 S.W.3d 558, 576 (Mo. Ct. App. 2008), and negligent infliction of emotional distress, Ridder v. Hibsch, 94 S.W.3d 470, 472 (Mo. Ct. App. 2003) (two-year statute applies where claims for intentional and negligent infliction of emotional distress are dependent upon the same conduct as the battery claim). Claims governed by these statutes of limitations accrue not "when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and *is capable of ascertainment*." § 516.100 (emphasis added). If a cause of action accrues before the plaintiff reaches the age of 21, the statute of limitations is automatically tolled until the plaintiff turns 21. § 516.170; Dempsey v. Johnston, 299 S.W.3d 704, 706 (Mo. Ct. App. 2009). Plaintiff's 21st birthday was in 2003 and, barring other circumstances, her claims would have expired before she filed suit in 2011.

The Missouri Supreme Court has described the "capable of ascertainment" test as "objective." Powel, 197 S.W.3d at 584. An injury is objectively capable of ascertainment "when a reasonable person would have been put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain

the extent of the damages." Id.  In cases involving sexual abuse, the "capable of ascertainment" standard "has special application to cases of repressed memory " of the sexually abusive conduct.  Id.

> If the memory of the wrong was repressed before the victim had notice both that a wrong had occurred and that substantial damage had resulted, or before the victim knew sufficient facts to be put on notice of the need to inquire further as to these matters, then the claim would not yet have accrued at the time that the victim repressed his or her memory of the events.  From that point forward, until the memories were regained, while the victim might have suffered damage, the victim would not have sufficient notice to have a duty to inquire further.  Only when he or she regained the repressed memories would the victim for the first time have "reason to question" defendant's conduct and have information sufficient "to place a reasonably prudent person on notice of a potentially actionable injury."

Id.

Plaintiff alleges that she repressed the memory of the facts underlying her claims until 2009 and has submitted expert testimony in support of that claim.  Thus, there is a factual dispute regarding when the negligent infliction, battery and § 1983 claims accrued.  As such, summary judgment may not be entered.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #150] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike defendant's motion for summary judgment [Doc. #159] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of June, 2013.